## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DAVID TZIKAS, individually and on
behalf of all others similarly situated,

        Plaintiff,

   v.

BIO-LAB INC. and KIK CUSTOM
PRODUCTS, INC.,

        Defendant.

Case No.  1:24-cv-04471-SEG

## STIPULATED ORDER TO PRESERVE EVIDENCE AND LIMIT CERTAIN COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS

**WHEREAS** Plaintiff and Defendants Bio-Lab, Inc. and KIK Custom

Products Inc. (together, "Defendants" and with Plaintiff, the "Parties") stipulate

and agree as follows regarding certain matters related to the September 29, 2024,

fire at the Bio-Lab, Inc. facility in Conyers, Georgia (the "Fire"), and upon the

approval of the Court, it is **SO STIPULATED AND ORDERED:**

1.      Unless expressly prohibited by applicable state or federal authorities

or unless due to incident response activities that are reasonably necessary to make

the facility safe from threat of harm to life, property, or the environment,

Defendants shall provide Plaintiff with advance reasonable notice (no less than 14

days) prior to any proposed repair, replacement, and/or removal of debris

("Material") from the property where the Fire occurred, 1630 and 1650 Old Covington Highway, Conyers Georgia (the "Site").[1]

2.      With the exception of incident response activities that are reasonably necessary to make the facility safe from threat of harm to life, property, or the environment, Defendants shall document any proposed repair, replacement, and/or removal of Material from the Site, conducted by Defendants, through photographic and/or videographic means.

3.      Taking into account the incident response activities that are reasonably necessary to make the facility safe from threat of harm to life, property, or the environment, Defendants shall consider in good faith all reasonable requests regarding scheduling and logistics with respect to removal of Material from the Site.

4.      Defendants may move or cause to be moved any Material from the Site onto its adjacent property without notice to Plaintiff, provided that the pre- and post-removal condition is documented by photographs or videotape.

---

[1] For the avoidance of doubt, this Stipulation shall be fully applicable to any Material released and/or ejected from the site of the Fire and recovered by Defendants, including, without limitation, debris collected under Defendants' debris clean-up program detailed at https://biolabcommunityresources.com/ community-support/.  This Stipulation does not apply to wastewater.

5.     Defendants shall provide a report to Plaintiff documenting chain-of-custody for any Material that is removed or transported from the Site or Defendants' adjacent property by or on behalf of Defendants, unless not possible due to incident response activities that are reasonably necessary to make the facility safe from threat of harm to life, property, or the environment.  Defendants also agree to share any chain-of-custody created and/or maintained by any third party (including any governmental agency or private contractor) to the extent any such chain-of-custody is in the possession, custody, or control of Defendant, unless expressly prohibited from doing so by the third party.

6.     To the extent permissible under applicable law or regulation and unless directed otherwise by a governmental agency, Defendants shall preserve any Material from the Site throughout the duration of this litigation in order to prevent their loss.  If custody of any Material that is removed from the Site is in the possession, custody, or control of a governmental agency, Defendants shall take and maintain custody of such evidence when the governmental agency relinquishes possession, custody, or control, to the extent permissible under applicable law or regulation.

7.     Defendants shall make the Site as well as any portion of their adjacent property on which Material has been placed, available for inspection on a date mutually agreed upon by the Parties once incident response activities that are

- 3 -

reasonably necessary to make the facility safe from threat of harm to life, property, or the environment are completed. The Parties agree no removal of any Material will begin until after such inspection has occurred, aside from that related to the incident response activities that are reasonably necessary to place the facility in a standby mode safe from threat of harm to life, property, or the environment, and that referred to in Paragraph 4.

8.     Plaintiff will provide to Defendants the names of all individuals who will attend and/or participate in such inspection referred to in Paragraph 7 above twenty-four (24) hours prior to inspection. Plaintiff will undertake to coordinate counsel for other plaintiffs and any consultants who might attend such inspection.

9.     Defendants will not conduct any destructive inspection, testing, or analysis of Material except pursuant to an agreed protocol. Defendants shall consider in good faith all reasonable requests regarding scheduling and logistics with respect to destructive testing of Material. To the extent that Defendants do not have possession, custody, and control of any Material that has been removed from the Site, Defendants agree to share whatever information they do have, if any, regarding scheduling and logistics of destructive inspection, testing, or analysis with counsel for Plaintiff.

10.     The Parties agree to maintain and not destroy or delete all documents, data and electronically stored information ("ESI") potentially relevant to the issues

in the above-captioned matter, including: digital communications, such as email and text messages; user-created application files, such as Word documents or Excel spreadsheets; media files, such as video and sound recordings; website files; content management systems data; record management systems records; databases; contact and client relationship management records; and back-up and archive data.

11.     The Parties' obligation to preserve evidence, including ESI, shall extend to items in their possession, custody, or control, as well as to items under a Party's control that are in the custody or possession of third parties. The Parties shall make reasonable efforts to identify and notify such third parties to ensure that such items are preserved.

12.     The Parties acknowledge that this stipulation may need to be modified as both the repair and removal efforts and the litigation proceed.

13.     The Parties further understand that the owner of the Site will seek to regain sole possession and control over the Site, in which case Defendants' obligations hereunder with respect to non-owned Material remaining on the Site shall terminate upon the change in possession. If Defendants become aware of such intention by the owner of the Site, they must give reasonable notice to Plaintiffs and must inform owner of Defendants' obligations under this Order, including the obligation to preserve all Material on the Site throughout the duration of this litigation.

14.     The Parties further understand that government agencies—including the Occupational Safety and Health Administration ("OSHA"), the Environmental Protection Agency ("EPA"), and the U.S. Chemical Safety and Hazard Investigation Board ("CSB")—are investigating the Fire, and Defendants' obligations hereunder with respect to Material remaining on the Site may be superseded by evidence preservation agreements executed with those agencies.

15.     Further, pursuant to Local Rule 23.1(C), the parties have met and conferred regarding communications with putative Class Members.

16.     While reserving all rights to seek modification of this stipulation as necessary, the Parties agree that no order limiting communications with putative Class Members is necessary at this time.

17.     Nevertheless, Defendants agree they shall not seek to settle, release, or otherwise waive any putative Class Member's claims related to the Fire as a condition of participation in Defendants' community assistance programs.[2] Notwithstanding this, nothing in this Stipulation shall prevent Defendants from resolving and releasing claims brought by businesses that are individually represented by counsel, or with notice to counsel for Plaintiffs.

---

[2] These programs are detailed at https://biolabcommunityresources.com.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 17, 2024        */s/Marshall P. Dees*
Corey D. Holzer
Georgia Bar No. 364698
Marshall P. Dees
Georgia Bar No. 105776
**HOLZER & HOLZER LLC**
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com
mdees@holzerlaw.com

Mark P. Chalos*
Patrick I. Andrews*
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
222 2nd Avenue South, Suite 1640
Nashville, TN  37201
Telephone:  615.313.9000
Facsimile:  615.313.9965
mchalos@lchb.com
pandrews@lchb.com

M. Elizabeth Graham
Adam J. Gomez
Tudor I. Farcas
Adam l. Stoltz
Caley DeGroote
**GRANT & EISENHOFER P.A.**
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
Phone: (302) 622-7099
Facsimile: (302) 622-7100
egraham@gelaw.com
agomez@gelaw.com
tfarcas@gelaw.com
astoltz@gelaw.com
cdegroote@gelaw.com

*Pro Hac Vice.

*Counsel for Plaintiff and the Proposed Class*

Dated: October 17, 2024

*/s/ Michael A. Caplan*
Michael A. Caplan
Ga. Bar No. 601039
Jessica Arnold Caleb
Ga. Bar No. 141507
Emily C. Snow
Ga. Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
jarnold@caplancobb.com
esnow@caplancobb.com

Alan E. Schoenfeld*
**WILMER CUTLER PICKERING
HALE and DORR LLP**
7 World Trade Center
250 Greenwich Street New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

Felicia H. Ellsworth*
**WILMER CUTLER PICKERING
HALE and DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Pro Hac Vice forthcoming.

*Counsel for Defendants*

**IT IS SO ORDERED**.

Date:   October 18, 2024

Sarah E. Geraghty
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this day, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

Dated: October 17, 2024                    */s/ Marshall P. Dees*